832

■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FORTUNATO PATURSO, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered May 15, 1969, convicting him of violating the Public Health Law with respect to narcotic drugs, upon a jury verdict, and sentencing him to an indeterminate prison term of from 7 to 10 years. Judgment affirmed. In our opinion, the proof presented an issue as to whether defendant was a seller of the heroin or merely the buyer's accomplice or agent in purchasing this narcotic. We believe the jury was warranted in finding that the proof established beyond a reasonable doubt that defendant was one of the sellers and was beneficially interested in the proceeds of the sale (cf. *People* v. *Wright*, 20 A D 2d 652, affd. 15 N Y 2d 555; *People* v. *Pulliam*, 28 A D 2d 786). Christ, P. J., Latham, Kleinfeld, Brennan and Benjamin, JJ., concur.

■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALVIN SMITH, Appellant.— Appeal by defendant (1) from so much of an order of the County Court, Nassau County, dated March 7, 1969, as denied, after a hearing, his application in the nature of a writ of error *coram nobis* to vacate, a judgment rendered against him in said court on June 22, 1967, convicting him of attempted grand larceny in the second degree, upon a plea of guilty (the order also directed that defendant be resentenced); and (2) from a judgment of said court rendered August 12, 1969 upon resentence. A further order was made by the same court, dated April 25, 1969, which granted the People's motion for reargument of the *coram nobis* application, but adhered to the determination in the order of March 7, 1969. Judgment affirmed. No opinion. Appeal from order of March 7, 1969 dismissed as academic. That order was superseded by the order of April 25, 1969. Order of April 25, 1969 affirmed insofar as it adhered to the determination in the order of March 7, 1969 denying the *coram nobis* application. In our opinion, the alleged mental incapacity of defendant's retained counsel at the times defendant pleaded guilty and was sentenced presented a question of fact; and the finding of competence was supported by a preponderance of the credible evidence. Christ, P. J., Latham, Kleinfeld, Brennan and Benjamin, JJ., concur.

■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUBEN SORRENTINI, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated December 1, 1967, which denied the application without a hearing. Order affirmed. We find no merit to the claim that a sufficient showing of use of perjured testimony has been established to warrant a hearing on the issue. Christ, P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUBEN SORRENTINI, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated February 29, 1968, which denied the application without a hearing. Order affirmed. We find no merit to the claim that an issue of voluntariness is raised as to a statement made by defendant so as to warrant a hearing on the voluntariness of the statement. In any event, even if the statement had been involuntary, its use in trial to impeach the testimony of defendant was permissible (*People* v. *Kulis*, 18 N Y 2d 318; *People* v. *Harris*, 25 N Y 2d 175). Christ, P. J., Rabin, Munder and Martuscello, JJ., concur.